IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EDWARD ROBERTS, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Case No. 6:21-cv-00168-JDK |
| § | |
| THOR MOTOR COACH, INC., et al., § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO DISMISS**

Plaintiffs Edward and Benita Roberts allege that they bought a defective RV trailer from Defendant RV Retailer Texas II, LLC d/b/a/ ExploreUSA RV Supercenter Canton ("ExploreUSA").[1] Unhappy with the attempted fixes, Plaintiffs sued ExploreUSA, as well as Keystone RV Company ("Keystone"), the manufacturer, and U.S. Bank National Association ("U.S. Bank"), the lender. Plaintiffs allege violations of the Magnuson-Moss Warranty Act ("MMWA") and the Texas Deceptive Trade Practices Act ("DTPA"), and further assert various state common law causes of action. Docket No. 17 ¶¶ 20–60. U.S. Bank moved to dismiss the action for lack of subject matter jurisdiction. Docket No. 11.

---

[1] In both their original and first amended complaints, Plaintiffs incorrectly identified Defendant ExploreUSA as "ExploreUSA RV, Ltd." Docket No. 1 ¶ 3; Docket No. 3 ¶ 3. Following responses of various defendants denying that "ExploreUSA RV, Ltd." was the correct party, Plaintiffs filed a second amended complaint identifying ExploreUSA by its legal name. Docket No. 17 ¶ 3. The Court treats the second amended complaint as superseding the first amended complaint and evaluates U.S. Bank's motion to dismiss in light of Plaintiffs' second amended complaint.

1

For the reasons discussed below, the Court concludes that it lacks subject matter jurisdiction, **GRANTS** the motion to dismiss, and **DISMISSES** the action without prejudice.

I.

On August 8, 2020, Plaintiffs purchased a 2021 Keystone Redwood RV trailer ("the RV") from ExploreUSA. Docket No. 17 ¶ 8; Docket No. 19 ¶ 3.[2] The sale contract was executed at the ExploreUSA dealership in Wills Point, Texas, for the price of $93,059.74. *Id.* ¶ 9; Docket No. 19 ¶¶ 8–9. To finance the RV's purchase, Plaintiffs entered into a Promissory Note and Security Agreement with U.S. Bank, which included a provision stating that "any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof." Docket No. 17 ¶ 10; Docket No. 11, Ex. 2 at 5.

Shortly after purchasing the RV, Plaintiffs discovered that it was defective. Plaintiffs allege that the RV had water leaks, substantial structural damage, and inadequate suspension—and that such defects made it un-towable. Docket No. 17 ¶ 16. Plaintiffs took the RV back to ExploreUSA and to authorized warranty service dealers for repairs "on numerous occasions," but the major defects were never corrected. *Id.* ¶ 17. Defendants have refused to rescind the contract. *Id.* ¶ 19.

This lawsuit followed. Plaintiffs allege six causes of action: (1) a DTPA claim, *id.* ¶ 20–36; (2) a violation of the MMWA, 15 U.S.C. § 2310, *id.* ¶¶ 37–45; (3) a claim

---

[2] These facts are taken from Plaintiffs' second amended complaint and viewed in the light most favorable to Plaintiffs. *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

2

asserting U.S. Bank's lender liability, *id.* ¶¶ 46–47; (4) breach of express warranties, *id.* ¶¶ 48–52; (5) breach of implied warranties, *id.* ¶ 53–57; and (6) breach of contract, *id.* ¶¶ 58–60. Plaintiffs invoke federal question jurisdiction under 28 U.S.C. § 1331 because the MMWA claim arises under federal law and supplemental jurisdiction under 28 U.S.C. § 1367 because the state law claims form part of the same case or controversy as the MMWA action.[3] *Id.* ¶ 5.

After filing their initial complaint, Plaintiffs filed the first amended complaint, removing Thor Motor Coach, Inc. and adding Keystone as a defendant. Docket No. 17 ¶ 2. Shortly thereafter, U.S. Bank moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiffs cannot satisfy the MMWA's jurisdictional amount-in-controversy requirement under their first amended complaint. Docket No. 11. Although Plaintiffs requested, and were granted, leave to amend following U.S. Bank's motion, *see* Docket No. 16, the second amended complaint corrected only Plaintiffs' misidentification of one of the defendants and did not further address the amount-in-controversy. The Court thus

---

[3] Plaintiffs have not invoked diversity jurisdiction under 28 U.S.C. § 1332, and it is unclear from the record whether it exists here. *Compare* Docket No. 17 ¶¶ 1, 3 (alleging that both Plaintiff and Defendant ExploreUSA are citizens of Texas) *with* Docket No. 19 ¶ 3 (denying that ExploreUSA is a Texas citizen); *see also* Docket No. 21-1 at 1–2 (ExploreUSA declaring that its sole member is RV Retailer, LLC, a Delaware company, but failing to clarify whether ExploreUSA has any members who are citizens of Texas). Because Plaintiffs "did not allege diversity jurisdiction in either the complaint or the amended complaint" and did not allege facts sufficient to show complete diversity between the parties, the Court declines to exercise diversity jurisdiction. *See Jefferson v. Certain Underwriters At Lloyd's London*, 658 F. App'x 738, 742 n.19 (5th Cir. 2016) (quoting *Franklin v. Zain*, 152 F.3d 783, 786 n.2 (8th Cir. 1998)); *see also Nguyen v. Nissan N. Am., Inc.*, No. A-15-CA-01253-SS, 2016 WL 8285749, at *3 (W.D. Tex. Apr. 12, 2016) (looking solely at diversity under federal question jurisdiction because plaintiffs failed to allege diversity jurisdiction).

construes the instant motion to dismiss filed by U.S. Bank as seeking the dismissal of the live complaint in this case—the second amended complaint.

## II.

Rule 12(b)(1) authorizes the dismissal of a case for "lack of subject-matter jurisdiction" when the court lacks the statutory and constitutional power to adjudicate the case. FED. R. CIV. P. 12(b)(1); *Home Builders Ass'n of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). When a defendant files a dismissal motion under Rule 12(b)(1), the plaintiff bears the burden to establish subject matter jurisdiction. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). If the defendant attacks jurisdiction based solely on the allegations of the complaint, the plaintiff's factual allegations are presumed to be true. *O'Rourke v. United States*, 298 F.Supp.2d 531, 534 (E.D. Tex. 2004). "However, if the plaintiff's allegation of jurisdictional amount is challenged in an appropriate manner by the defendant, the plaintiff must support the allegation by competent proof." *Lister v. Comm'rs Court, Navarro Cnty.*, 566 F.2d 490, 492 (5th Cir. 1978) (citation omitted); *see also Crawford v. Forest River, Inc.*, No. 6:18-CV-229-RWS-KNM, 2018 WL 5724457, at *3 (E.D. Tex. Aug. 21, 2018), *report and recommendation adopted*, No. 6:18-CV-229-RWS-KNM, 2018 WL 4385969 (E.D. Tex. Sept. 14, 2018).

## III.

The issue presented is whether Plaintiffs can satisfy the $50,000 jurisdictional amount-in-controversy requirement under the MMWA. Although Plaintiffs demand at least $350,000 in damages, U.S. Bank argues that Plaintiffs are not entitled to this

amount under the MMWA as a matter of law. Rather, U.S. Bank asserts, the MMWA permits Plaintiffs to recover only the RV's diminished value and any incidental or consequential damages—the total of which is not alleged to be $50,000 or more here. As explained below, the Court agrees.

### A.

The MMWA provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief (A) in any court of competent jurisdiction in any State or the District of Columbia; or (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection." 15 U.S.C.A. § 2310(d)(1)(A)–(B). In short, "[t]he MMWA grants federal courts jurisdiction to hear claims for breach of express and implied warranty." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). "The MMWA does not provide an independent basis for liability, but instead provides a federal cause of action for state law express and implied warranty claims." *Bates v. Monarch Dental Servs.*, No. 3:19-CV-0253-K, 2019 WL 5067904, at *2 (N.D. Tex. Oct. 9, 2019), *aff'd*, 810 F. App'x 347 (5th Cir. 2020) (cleaned up). Paragraph 3 of the MMWA, however, provides that no claim brought in federal court "shall be cognizable . . . if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C.A. § 2310(d)(3)(B).

To calculate the MMWA's amount in controversy, "courts look to state law to determine the applicable measure of damages, which informs the amount in controversy under the MMWA." *Scarlott*, 771 F.3d at 887. Under Texas law, "[t]he measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." TEX. BUS. & COM. CODE ANN. § 2.714(b). "Incidental and consequential damages" are also recoverable. *Id.* §§ 2.714(c), 2.715. Accordingly, "the amount in controversy for [a plaintiff's] breach-of-warranty claims equals the diminished value of the [vehicle] plus incidental and consequential damages." *Scarlott*, 771 F.3d at 888 (applying MMWA and Texas law).

### B.

Although Plaintiffs have had multiple opportunities to allege the amount in controversy for their MMWA claim, they have failed to do so. In their most recent complaint, the second amended complaint, Plaintiffs identify the sale price of the RV as $93,059.74, Docket No. 17 ¶ 9, but they fail to allege the value of the RV in its defective condition. Plaintiffs therefore "do[] not give a basis for estimating the [vehicle's] diminished value." *See Scarlott*, 771 F.3d at 889. And without information as to the diminished value of the RV, "the court is unable to determine the amount in controversy." *Id.* at 890.

Plaintiffs also claim that they incurred various incidental and consequential damages resulting from the alleged breaches of warranty, including "costs of repairs;

6

expenses associated with returning the vehicle for repeated repairs; [and] loss of wages." Docket No. 17 ¶¶ 52, 57.[4] These "incidental or consequential" damages, however, cannot count toward the MMWA's amount in controversy because "the face of the complaint gives no indication of how much these damages equaled." *Scarlott*, 771 F.3d at 889. Although it may be "reasonable to infer" that Plaintiffs incurred some incidental expenses, Plaintiffs fail to specify the amount, and thus it is "not facially apparent that [the] total damages . . . meet the $50,000 threshold." *Scarlott*, 771 F.3d at 889.

Plaintiffs also assert that punitive damages "may be used" if allowed by state law, and that with treble damages under the DTPA, they could recover "total damages in the amount of $279,179.22 under Texas DTPA for breach of warranty." Docket No. 12 at 6. But Texas law does not allow for "punitive damages for breach-of-warranty claims," *Scarlott*, 771 F.3d at 888, and under Texas law, "treble damages under the DTPA are punitive damages." *In re Xerox Corp.*, 555 S.W.3d 518, 532 (Tex. 2018) (quoting *PPG Indus., Inc. v. JMB/Houston Centers Partners Ltd. P'ship*, 146 S.W.3d 79, 89 (Tex. 2004). *See also Payne v. Oakwood Homes*, No. SA-20-CV-00296-XR, 2020 WL 1951599, at *4 (W.D. Tex. Apr. 22, 2020) (Because the "applicable measure of damages" for breach of warranty claims under Texas law does not include

---

[4] Plaintiffs also claim "actual, consequential and incidental damages, including but not limited to money expended on the purchase of the ,[sic] damages associated with the inconvenience suffered as a result of the complete failure of the [RV] [sic] to operate properly, the loss of use of the [RV] [sic] during the weeks it has been in the garage for repairs, the cost of repairs related to these defects, loss of wages, and attorneys' fees." Docket No. 17 ¶¶ 35; *see also id.* at 59. But Plaintiffs assert that these damages arose out of the DTPA violation and breach of contract claims, not their breach of warranty claims. *Compare id.* ¶¶ 35, 59 *with id.* ¶¶ 52, 57. Further, Plaintiffs fail to provide the requisite specifics to determine the amount of these damages.

punitive damages, punitive damages may not be counted to satisfy the MMWA's jurisdictional amount) (citing *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1070–71 (5th Cir. 1984). The DTPA claim, moreover, is a pendent state-law claim and "may not be counted to satisfy the jurisdictional amount." *Scarlott*, 771 F.3d at 887–88; *Boelens*, 748 F.2d at 1071 n.19.

Plaintiffs raise one final argument. They claim that because they are seeking rescission of the purchase contract, the amount in controversy should be the refund value: the full sales price of $93,059.74. Docket No. 12 at 5; Docket No. 17 ¶¶ 65–66. But Plaintiffs fail to cite any authority holding that rescission is a remedy for breach of warranty or a violation of the MMWA. *See* Docket No. 12 at 4 n.13. To the contrary, "under Texas law, rescission is not an available remedy for breach of warranty; it is a remedy for breach of contract." *Payne*, 2020 WL 1951599, at *4 (citing *Sw. Bell Tel. Co. v. FDP Corp.*, 811 S.W.2d 572, 576 (Tex. 1991) (contrasting TEX. BUS. & COM. CODE § 2.711, which addresses breach of contract remedies, with TEX. BUS. & COM. CODE § 2.714, which addresses breach of warranty remedies)).

Accordingly, the Court concludes that Plaintiffs have failed to allege sufficient facts to satisfy the MMWA's amount-in-controversy jurisdictional threshold.

### IV.

The failure to satisfy the amount-in-controversy requirement means that the Court lacks subject matter jurisdiction of the MMWA claim. 15 U.S.C. § 2310(d)(3); *Scarlott*, 771 F.3d at 887. Further, the Court may not exercise supplemental jurisdiction over Plaintiffs' other claims because federal courts "must first have

original jurisdiction over at least one claim in the action" in order to invoke supplemental jurisdiction.  *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 222 (5th Cir. 2012) (citing *Exxon Mobil Corp., v. Allapattah Servs., Inc.*, 545 U.S. 546, 554 (2005)); *see also Nguyen*, 2016 WL 8285749, at *3.  For these reasons, the Court **GRANTS** U.S. Bank's motion to dismiss pursuant to Rule 12(b)(1).  Plaintiffs' claims against U.S. Bank are therefore **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Although U.S. Bank is the only Defendant that filed a motion to dismiss, "[a] District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *E.g.*, *Bell v. Bell Holeman*, No. 416-CV-00596-ALM-CAN, 2017 WL 9285417, at *4 (E.D. Tex. Sept. 28, 2017) (quoting *Silverton v. Dep't of Treasury of U.S. of Am.*, 644 F.2d 1341, 1345 (9th Cir. 1981)).  Here, because the Court is without subject matter jurisdiction over any of the claims in this case, Plaintiffs' claims against the remaining Defendants, Keystone RV Company and RV Retailer Texas II, LLC d/b/a/ ExploreUSA RV Supercenter Canton, are likewise **DISMISSED WITHOUT PREJUDICE.**

So **ORDERED** and **SIGNED** this **11th** day of **January, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE